# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
|  | ) | CIVIL NO. 3:19-CV-00400 (KAD) |
|  | ) |  |
| IN RE: SANGA MARIE BARTLEY, | ) | BANKR. NO. 18-21854 (JJT) |
| *Debtor-Appellant* | ) | Chapter 13 |
|  | ) |  |
|  | ) | DECEMBER 2, 2019 |

## MEMORANDUM OF DECISION

Kari A. Dooley, United States District Judge

Pending before the Court are the consolidated appeals[1] of debtor Sanga Marie Bartley ("Ms. Bartley" or the "Appellant") from orders of the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court"). These appeals concern two orders issued by the Bankruptcy Court, one denying the Appellant's request for an extension of the bankruptcy stay in her Chapter 13 bankruptcy case,[2] and the other dismissing that case with prejudice and imposing a two-year bar on the Appellant from seeking bankruptcy relief. Because both orders being appealed stem from the Bankruptcy Court's finding of bad faith on the part of the Appellant, the Court issues a single memorandum of decision resolving both appeals. For the reasons set forth below, the Court AFFIRMS the orders of the Bankruptcy Court.

---

[1] The Court previously consolidated both appeals on May 2, 2019 for administrative purposes.

[2] Both the trustee in the bankruptcy case and one of the Appellant's creditors, known as "Wilmington Trust," submitted briefs in opposition to the appeal. Wilmington Trust's opposition is in the form of a motion to dismiss and asserts that the appeals are frivolous. Although a motion to dismiss is the proper procedural vehicle to make such an assertion; Fed. R. Bankr. P. 8020; *e.g.*, *In re Wysocki*, No. 3:16-cv-00248 (JCH), 2016 WL 4099031, at *3 (D. Conn. Aug. 2, 2016); it is not the proper vehicle for challenging the merits of the appeal; *see In re Sanga Bartley*, No. 3:17-cv-0450 (MPS), 2018 WL 379009, at *3 n.1 (D. Conn. Jan. 11, 2018). Because the Court affirms the orders of the Bankruptcy Court, it need not reach the issue of whether the appeals should be dismissed as frivolous.

**Background**

Much of the litigation in the Bankruptcy Court revolved around the foreclosure on real property located at 109-111 Evergreen Avenue, Hartford, Connecticut 06105 (the "Property"). Ms. Bartley and Michael Flash owned the property[3] but defaulted on the mortgage in 2009. The history of the dispute regarding the Property, in both state and federal court, is extensive. It includes one foreclosure action, two state appeals, four bankruptcy actions, and two prior bankruptcy appeals. A brief overview of this protracted and convoluted procedural history is critical to understanding the findings and orders of the Bankruptcy Court.[4]

In 2009, Ms. Bartley and Mr. Flash ceased payment on their mortgage on the Property. On September 19, 2011, Aurora Loan Services, LLC ("Aurora") initiated a foreclosure action against them in Connecticut superior court. *Aurora Loan Servs., LLC v. Flash*, No. HHD-CV11-6025457-S (Conn. Super. Ct. filed Sept. 19, 2011). Ms. Bartley and Mr. Flash vigorously defended against the foreclosure action filing one motion to strike, eight motions to dismiss, two motions for summary judgment, five motions to open and vacate the judgment, and six motions for reconsideration, but these efforts ultimately proved unsuccessful.

---

[3] The Bankruptcy Court found that title to the Property has since passed to Wilmington Trust.
[4] The Court's summary is by no means a comprehensive description of Ms. Bartley's and Mr. Flash's entire protracted litigation history. And although this history is not detailed by the Bankruptcy Court in the orders that are the subject of these appeals, the Bankruptcy Court, which presided over all four of the related bankruptcy proceedings, was clearly aware of this history. The procedural history of the foreclosure was discussed extensively in the parties' filings before the Bankruptcy Court and many filings included copies of the docket sheet, the parties' pleadings, and orders and decisions in the foreclosure action. *E.g.*, *In re Bartley*, No. 16-20105, ECF No. 31 at 2–3, 16–35 (discussing history of foreclosure action and attaching the docket report and rulings from that action); *In re Bartley*, No. 16-20105, ECF No. 41-1 at 23–39, 54–97, 121–166 (attaching pleadings from foreclosure action); *In re Bartley*, No. 16-20105, ECF No. 42 at 2–3 (discussing history of foreclosure action); *In re Flash*, No. 17-02063, ECF Nos. 13–13-8 (discussing history of foreclosure action and attaching docket sheet and rulings from that action); *In re Flash*, No. 17-20617, ECF No. 49, at 15–51 (attaching docket sheet and rulings from that action); Hr'g Tr. 10–13, 37–40, *In re Flash*, No. 17-20617 (Bankr. D. Conn. Nov. 2, 2017), ECF No. 39 (discussing history of foreclosure action and adverse rulings made by the superior court in that action). It is also apparent that the Bankruptcy Court reviewed and was well versed in the history of the foreclosure action, including the superior court's prior rulings, based on the discussions that occurred on the record at a hearing. Hr'g Tr. 37–40, *In re Flash*, No. 17-20617, ECF No. 39. Finally, as discussed in greater detail *infra*, the Bankruptcy Court expressly relied upon this history, which was documented in the record of the underlying Chapter 13 bankruptcy case and the related bankruptcy cases, when finding that the Appellant was acting in bad faith. *See In re Bartley*, No. 18-21854, ECF Nos. 73, 101.

On July 16, 2012, the superior court granted summary judgment in favor of Aurora. *Id.*, Entry No. 125.86. Thereafter, Aurora sought to substitute Nationstar Mortgage, LLC ("Nationstar") as plaintiff, and a dispute arose concerning not only Aurora and Nationstar's standing but also the enforceability and authenticity of the note the plaintiff produced. On May 6, 2013, the superior court issued a decision rejecting Ms. Bartley and Mr. Flash's challenges. *Aurora Loan Servs., LLC v. Flash*, No. HHD-CV11-6025457-S, 2013 WL 2350508, at *2–*4 (Conn. Super. Ct. May 6, 2013). As to standing, the court acknowledged that "the identity of the proper party to enforce the note and mortgage and prosecute the foreclosure action appears to be a moving target." *Id.* at *2. But the court noted that it had previously found that Aurora had standing to commence the foreclosure action and saw "no justification for upsetting that finding due to the subsequent events." *Id.* The court further found that Nationstar currently had standing to prosecute the foreclosure action even though the note was owned by an entity known as the Wilmington Trust.[5] *Id.* at *3. Nationstar was the holder of the note and had the right under the terms of its servicing agreement with Wilmington Trust to pursue the foreclosure action in its own name, as opposed to suing in the name of the owner. *Id.*

As to the authenticity of the note, Ms. Bartley's challenge was based on the fact that the plaintiff's note was signed "Sandra A. Bartley," while her copy was signed "Sanga A. Bartley." *Id.* The court rejected this argument for two reasons. First, Bartley "signed her appearance as Sandra, and all of her signatures on all of the numerous pleadings, briefs and affidavits in the case are signed as Sandra." *Id.* at *4. Second, the court noted:

> aside from the name difference, the copy of the note [Bartley] introduced is identical, in all material respects, to the plaintiff's note, except that the signature line below her name on her copy has two

---

[5] The full name of Wilmington Trust is Wilmington Trust, National Association, not in its individual capacity but solely as successor trustee to Citibank, N.A. as Trustee to Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-5.

3

> interruptions. Those interruptions are in the same locations as where the letter 'y' from her surname, Bartley, on the bank's version of the note crossed the signature line twice. Thus, it appeared that the signature from the plaintiff's copy with the name, Sandra A. Bartley, had been redacted and then re-signed, Sanga A. Bartley. The witness denied that scenario, but that conclusion is inescapable.

*Id*.

On October 15, 2013, the superior court entered a judgement of strict foreclosure, setting the law day for December 9, 2013. *Aurora Loan Servs., LLC*, No. HHD-CV11-6025457-S, Entry Nos. 168.86, 181.00. On December 6, 2013, Ms. Bartley and Mr. Flash filed an appeal with the Connecticut Appellate Court, challenging the May 6, 2013 decision. Two years later, on May 12, 2015, the Connecticut Appellate Court issued a summary opinion affirming the decision of the superior court. *Aurora Loan Servs., LLC v. Flash*, 157 Conn. App. 902, 902 (per curiam). Ms. Bartley and Mr. Flash filed a petition for certification to appeal to the Connecticut Supreme Court, which was dismissed on September 9, 2015. *Aurora Loan Servs., LLC v. Flash*, 318 Conn. 904 (2015).

On January 7, 2016, Nationstar filed a motion seeking to have the law day reset in accordance with the decision of the Connecticut Appellate Court. On January 22, 2016, before the law day was reset, Ms. Bartley filed a Chapter 7 petition in the Bankruptcy Court. *In re Bartley*, No. 16-20105 (JJT) (Bankr. D. Conn. filed Jan. 22, 2016) [hereinafter "*Bartley I*"]. An order of discharge entered on May 4, 2016, and the Chapter 7 bankruptcy case closed on May 18, 2016. On May 24, 2016, Nationstar filed a notice in the foreclosure case that the bankruptcy proceeding had terminated. Thereafter, Ms. Bartley and Mr. Flash attempted, unsuccessfully, to have the foreclosure judgment opened and the foreclosure action dismissed.

On September 15, 2016, Ms. Bartley moved to reopen her Chapter 7 bankruptcy case in order to have Nationstar held in contempt for continuing to prosecute the foreclosure action. On

October 11, 2016, the superior court denied Ms. Bartley and Mr. Flash's eighth motion to dismiss the foreclosure action for lack of standing. On October 28, 2016, Ms. Bartley and Mr. Flash filed a second appeal with the Connecticut Appellate Court, in which they again sought to challenge, among other things, Nationstar's standing. On October 31, 2016, the superior court in the foreclosure action granted Nationstar's motion to terminate the appellate stay and issued an order barring Ms. Bartley and Mr. Flash from filing any motion challenging the jurisdiction of the court or the standing of Nationstar.

On December 28, 2016, the Bankruptcy Court denied Ms. Bartley's motion to reopen her Chapter 7 bankruptcy case "for failure to show good cause: the discharge did not prohibit the lender from in rem proceedings to foreclose the mortgage, and the Rooker Feldman doctrine, collateral estoppel and res judicata would preclude the relitigation of standing issues." *In re Bartley I*, ECF No. 35. After the denial of her motion for reconsideration, Ms. Bartley appealed that decision to this Court (*Shea, J.*), which affirmed. *In re Bartley*, No. 3:17-cv-00450 (MPS), 2018 WL 379009, at *1 (D. Conn. Jan. 11, 2018).

On February 8, 2017, the Connecticut Appellate Court dismissed Ms. Bartley and Mr. Flash's second appeal. On February 17, 2017, the superior court in the foreclosure action reset the law day for May 1, 2017. On April 28, 2017, Mr. Flash filed a voluntary Chapter 7 petition for bankruptcy. *In re Flash*, No. 17-20617 (JJT) (Bankr. D. Conn. filed Apr. 28, 2017). On August 14, 2017, Mr. Flash further initiated an adversary proceeding in the Bankruptcy Court against Aurora, Nationstar, and others involved with the mortgage on the Property. *In re Flash*, No. 17-02063 (JJT) (Bankr. D. Conn. filed Aug. 14, 2017). In both cases, Mr. Flash sought to challenge the validity of the foreclosure action. On January 19, 2018, the Bankruptcy Court granted Wilmington Trust's request for *in rem* relief from bankruptcy stays as to the Property. *See* 11

U.S.C. § 362(d)(1) & (4). The Bankruptcy Court further dismissed both of Mr. Flash's bankruptcy cases pursuant to the *Rooker-Feldman* doctrine, *res judicata*, and collateral estoppel. This Court (*Thompson, J.*) affirmed the dismissal of the Chapter 7 bankruptcy case on August 20, 2018.[6] *In re Flash*, No. 3:18-cv-00080 (AWT), ECF No. 8 (D. Conn. Aug. 20, 2018).

Meanwhile, on October 15, 2018, the superior court in the foreclosure action reset the law day for November 13, 2018. On November 9, 2018, Ms. Bartley filed a voluntary Chapter 13 petition for bankruptcy. *In re Bartley*, No. 18-21854 (JJT) (Bankr. D. Conn. filed Nov. 9, 2018) [hereinafter "*In re Bartley II*"]. On November 29, 2018, Ms. Bartley filed a Motion to Extend the Automatic Stay, which was scheduled for a hearing on January 10, 2019. On December 27, 2018, Ms. Bartley filed a motion for order to show case, in which she sought to have Nationstar and its counsel held in contempt for continuing to prosecute the foreclosure action. A hearing on the motion for order to show cause was set for February 7, 2019 at 11:00 a.m.

On January 11, 2019, after the hearing on the Motion to Extend the Automatic Stay, the Bankruptcy Court denied that motion and issued the following order ("Stay Order"):

> **ORDERED:** In examining the Debtor's motion, this Court has weighed the totality of the circumstances herein and accordingly finds that the Debtor has failed to advance clear and convincing evidence to rebut the presumption that Debtors Chapter 13 case was not filed in good faith. The uncontested record history of the Debtor's dilatory, abusive and meritless efforts and arguments delineated in the Objection of Wilmington Trust (ECF No. 39) tips the scales decidedly in favor of finding no cause for this requested extension; and it is further
>
> **ORDERED:** As the automatic stay expired in this case on December 9, 2018 without continuous extension, this Court is not inclined to use any extraordinary powers to reimpose the automatic stay in the face of the unavailing, meritless and repetitive arguments that have been advanced and in reliance upon the definitive prior and final rulings of this and other courts. The Court reserves

---

[6] Mr. Flash did not appeal the Bankruptcy Court's order granting Wilmington Trust's motion to dismiss the adversary bankruptcy action.

> decision on the imposition of any sanctions and the remedy of case dismissal pending a hearing on a separate motion filed by Wilmington Trust. . . .

*In re Bartley II*, ECF No. 46. After denial of her motion for reconsideration, Ms. Bartley filed the instant appeal of the Stay Order with this Court.

On January 25, 2019, Ms. Bartley filed an "Amended Motion to Determine Value of Collateral of Property" and "Motion to Value the Collateral Purportedly Securing" (the "January 25 Motion"). On February 4, 2019, the Bankruptcy Court issue an order informing Ms. Bartley that if her still-pending motion for order to show cause "is without merit, abusive or redundant of issues decided by the courts, the Court may impose sanctions against [her], including dismissal of the case, fines, an award of legal fees and expenses, and/or bar orders to re-filing of bankruptcy cases or motions. . . ." *In re Bartley II*, ECF No. 64.

On February 6, 2019 at 5:03 p.m., the eve of the scheduled hearing on the motion for order to show cause, Ms. Bartley filed notices of withdrawal of the motion for order to show cause and the January 25 Motion.[7] On February 7, 2019, the Bankruptcy Court convened the previously scheduled hearing and found that the motions Ms. Bartley sought to withdraw were "clearly and patently redundant, frivolous, abusive and have taken up significant time of this court and other courts." Hr'g Tr. 2, *In re Bartley II*, ECF No. 101. At the hearing, the Bankruptcy Court further observed:

> I think it is appropriate, given a history that's clearly and unequivocally reflected in the docket, that it is appropriate for the court under all of the circumstances that I delineated, and with reference to the prior orders that I delineated, and also with reference to the various warnings I have given this debtor, that this case be dismissed with prejudice and a two year bar.

---

[7] In both notices of withdrawal, the Appellant disputed Wilmington's interest in the Property and challenged the validity of its note.

7

(*Id.* at 3.) The Bankruptcy Court issued an order memorializing these findings and orders on February 13, 2019 ("Sanction Order"):

> **ORDER DISMISSING CASE:** The Court having prepared and reviewed pending matters before the hearing on February 7, 2019, and withdrawals of those motions having been belatedly filed by the Debtor within an hour after the Court's closing and on the day prior to the scheduled hearing, finds that the Debtor's motions (ECF No. 33 and ECF No. 58) are frivolous, dilatory and intended to cause delay, undue expense and [to] harass.
>
> The filing by the Debtor of the purported withdrawals (ECF No. 69 and ECF No. 70), which were not approved by this Court, did not save the Court or Respondents from preparations, response and further attention to meritless motions and arguments that have been asserted innumerable times by the Debtor and her companion, Mr. Flask, despite definitive judicial rulings and admonitions.
>
> Accordingly, the Court's sanction of dismissal with prejudice and a two-year bar to re-filing for bankruptcy relief is necessary and appropriate to deter and enjoin further abuse of the bankruptcy process and the proliferation of wasteful litigations by the Debtor. . . .

*In re Bartley II*, ECF No. 73. After the denial of her motion for reconsideration, Ms. Bartley filed the instant appeal of the Sanction Order with this Court.[8]

**Standard of Review**

Courts "review the bankruptcy court's findings of fact for clear error and its legal determinations de novo." *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018). "But for-cause dismissals and time-bars on subsequent bankruptcy filings like the one at issue here are reviewed for abuse of discretion." *In re Wenegieme*, No. 17-cv-02100 (RJS), 2018 WL 9536800, at *2 (S.D.N.Y. Jan. 9, 2018) (citing *Howard v. Lexington Invs., Inc.*, 284 F.3d 320, 322–23 (1st Cir. 2002) (for-cause dismissal)); *see In re Casse*, 198 F.3d 327, 341 (2d Cir. 1999) (filing time-bar);

---

[8] On February 25, 2019, the Bankruptcy Court, upon motion from Wilmington Trust, issued an order confirming that there was no stay in effect at the time of the filing of the Chapter 13 bankruptcy action. *See* 11 U.S.C. § 362(c)(4)(ii). The Court found that, as a result, title in the Property vested with Wilmington Trust on November 13, 2018, *i.e.*, the last law day set by the superior court in the foreclosure action.

*see also* 11 U.S.C. § 105(a) ("No provision of this title . . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."). Similarly, denial of a motion to extend a bankruptcy stay is reviewed for abuse of discretion. *See In re Bennett Funding Grp., Inc.*, 146 F.3d 136, 138 (2d Cir. 1998) (reviewing decision to lift automatic stay for abuse of discretion); *In re Cameron*, No. 3:18-cv-01165 (JCH), 2019 WL 1383069, at *4 (D. Conn. Mar. 27, 2019) (same). This standard of review is a "deferential" one. *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 263 (2d Cir. 2016). An abuse of discretion "occurs when (1) the court's decision rests on an error of law (such as application of the wrong legal principle) or clearly erroneous factual finding, or (2) its decision — though not necessarily the product of a legal error or a clearly erroneous factual finding — cannot be located within the range of permissible decisions." *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (alterations omitted; citations omitted; internal quotation marks omitted).

Finally, when considering these appeals, the Court is mindful that submissions by *pro se* litigants, such as the Appellant, are "construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted; internal quotation marks omitted).

**Discussion**

On appeal, the Appellant challenges the Bankruptcy Court's Stay Order and Sanction Order. As to both orders, the Appellant challenges the Bankruptcy Court's findings that she was acting in bad faith when litigating the Chapter 13 bankruptcy case. She further contends that the Bankruptcy Court's decision to lift the bankruptcy stay and levy sanctions against her was unwarranted. The Court will address each issue in turn.

**Finding of Bad Faith**

The Court turns first to the Bankruptcy Court's finding of bad faith. The Appellant adamantly disputes this characterization of her conduct, emphasizing her *pro se* status and asserting that she was merely attempting to vindicate her legal rights through the Chapter 13 bankruptcy action.

"The Second Circuit has treated bankruptcy courts' findings of bad faith based on serial bankruptcy filings as finding of fact reviewable for clear error." *In re Toor*, 477 B.R. 299, 306 (D. Conn. 2012) (citing *In re Casse*, 198 F.3d at 341); *accord In re LightSquared, Inc.*, 534 B.R. 522, 538 (S.D.N.Y. 2015), *aff'd sub nom. Ahuja v. LightSquared Inc.*, 644 Fed. Appx. 24 (2d Cir. 2016) (summary order); *In re Albert*, No. 10-cv-02835 (SJF), 2011 WL 1594953, at *2 (E.D.N.Y. Apr. 26, 2011). "A number of factors may be indicative of a bad faith filing, including (1) the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights, (2) the debtor has filed multiple bankruptcy petitions, and (3) the debtor filed his bankruptcy petition on the eve of a foreclosure." *In re Cameron*, 2019 WL 1383069, at *7 (citations omitted; internal quotation marks omitted). Ultimately, for a finding to be clearly erroneous, it "must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Haworth*, No. 3:06-cv-00403(CFD), 2008 WL 4755851, at *3 (D. Conn. Oct. 29, 2008) (Droney, J.) (quoting *In re Reilly*, 245 B.R. 768, 772 (2d Cir. BAP 2000), *aff'd without opinion* 242 F.3d 367 (2d Cir. 2000)), *aff'd*, 356 Fed. Appx. 529 (2d Cir. 2009) (summary order).

Here, there is ample evidence that the Appellant was acting in bad faith and with the intent to frustrate the foreclosure action and to harass Wilmington Trust. As detailed above, the Appellant and Mr. Flash have engaged in repetitive and dilatory litigation in both the state and

federal courts in an effort to forestall the foreclosure on the Property.[9] *See In re Khan*, 593 Fed. Appx. 83, 85 (2d Cir. 2015) (summary order) (upholding the bankruptcy court's finding of bad faith where the record revealed "[a] general pattern of groundless litigation in the bankruptcy courts, premised not on actual disputes . . . but rather on frivolous, obstructive objections to the bankruptcy system"). Although the Appellant is proceeding *pro se*, that cannot countenance her efforts to litigate, *ad nauseam*, issues that have been squarely and definitively resolved in prior proceedings.[10] *See In re Cameron*, 2019 WL 1383069, at *8 (affirming finding of bad faith where appellants raised claims and defenses that were previously raised and fully adjudicated in underlying foreclosure action and "'were spurious, dilatory, and utterly without merit'"). The Appellant's claim of good faith is further undermined by the timing of the bankruptcy petitions, each occurring shortly before the setting or passage of the foreclosure law day. Indeed, both the timing and the number of petitions filed support the Bankruptcy Court's conclusion that the Chapter 13 case and the motions filed therein were pursued in bad faith.

Accordingly, the Court cannot find any error, let alone clear error, in the Bankruptcy Court's conclusion that the Appellant was acting in bad faith in bringing and prosecuting her Chapter 13 bankruptcy case.

---

[9] To be clear, the Court does not decry a vigorous defense of the foreclosure action as was pursued by Ms. Bartley and Mr. Flash. However, Ms. Bartley and Mr. Flash did not prevail in that defense and the superior court entered summary judgment against them in 2012 and a judgement of strict foreclosure in 2013. The Connecticut Appellate Court further affirmed the superior court's May 6, 2013 decision regarding the standing and authenticity issues in 2015. Since then, Ms. Bartley and Mr. Flash have pursued repetitive, dilatory, and meritless claims, to include those advanced in Ms. Bartley's Chapter 13 case filed in November 2018.

[10] Indeed, it is worth noting that Ms. Bartley prosecutes this appeal by arguing, *again*, that Wilmington Trust lacks standing and that the underlying mortgage and note are invalid. Given that she has repeatedly been admonished against attempting to re-litigate these very issues, her persistence in this regard supports the Bankruptcy Court's conclusion that a filing bar was necessary to prevent the continued proliferation of wasteful litigation.

**Stay Order and Sanction Order**

Because the Bankruptcy Court's finding of bad faith is not in error, and is indeed amply supported by the record, the Court further concludes that the Bankruptcy Court did not abuse its discretion in issuing either the Stay Order or the Sanction Order. *See In re Eclair Bakery Ltd.*, 255 B.R. 121, 137–38 (Bankr. S.D.N.Y. 2000) ("Bad faith has frequently been held to provide sufficient cause to warrant" both dismissal or relief from an automatic stay); *see also Holt v. JP Morgan Chase Bank, N.A.*, No. 17-cv-07901 (NSR), 2019 WL 192298, at *1 (S.D.N.Y. Jan. 15, 2019) (same).

Here, upon determining that the Chapter 13 case was not filed in good faith, and in recognition of the "uncontested record history of the Debtor's dilatory, abusive and meritless efforts and arguments delineated in the Objection of Wilmington Trust,"[11] the Bankruptcy Court denied the Motion to Extend the Automatic Stay. *In re Bartley II*, ECF No. 73. In so doing, the Court further observed that the arguments raised in the Chapter 13 case were "unavailing meritless and repetitive arguments." *Id.* Consequently, extending the automatic bankruptcy stay would have only compounded the issues flowing from the Appellant's bad faith filing of the Chapter 13 bankruptcy case. *See In re Cameron*, 2019 WL 1383069, at *8 ("in light of the abundance of evidence regarding the Camerons's bad faith scheme to hinder and delay the completion of the Foreclosure Action, the Bankruptcy Court did not abuse its discretion in lifting the automatic stay"); *In re PDPA, Inc.*, No. 3:11-cv-01907 (DJS), 2012 WL 2154183, at *4 (D. Conn. June 12, 2012) (affirming the bankruptcy court's lifting of an automatic stay where there was a "clear record

---

[11] In its opposition to the motion to extend the automatic stay, Wilmington Trust detailed the prior bankruptcy litigation of both Ms. Bartley and Mr. Flash, the nature of the previously asserted claims, the Bankruptcy Court's adjudication of those claims and the similarity between those claims and the ones being asserted in the Chapter 13 case.

of the Appellants' successful use of legal proceedings to delay the state court foreclosure proceedings for several years").

Similarly, the Bankruptcy Court did not abuse its discretion when issuing the Sanction Order. The Appellant's litigation history fully supports the Bankruptcy Court's conclusion that a "sanction of dismissal with prejudice and a two-year bar to re-filing for bankruptcy relief is necessary and appropriate to deter and enjoin further abuse of the bankruptcy process and the proliferation of wasteful litigations by the [Appellant]." *In re Bartley II*, ECF No. 73. Moreover, "[w]here the Bankruptcy Court finds sanctionable conduct, it has broad discretion in fashioning a sanction appropriate to the circumstances." *In re Martin*, 208 B.R. 807, 811 (N.D.N.Y. 1997), *aff'd sub nom. Martin v. Schaap Moving Sys., Inc.*, 152 F.3d 919 (2d Cir. 1998); *see also* 11 U.S.C. § 105(a) ("The court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title.").[12]

**Conclusions**

For the foregoing reasons, the Court AFFIRMS the orders of the Bankruptcy Court denying the motion for extension of the bankruptcy stay, dismissing the Appellant's Chapter 13 bankruptcy case with prejudice, imposing a two-year bar on filing for bankruptcy relief on the Appellant, and denying the motions for reconsideration.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of December 2019.

                                                */s/ Kari A. Dooley*
                                                KARI A. DOOLEY
                                                UNITED STATES DISTRICT JUDGE

---

[12] The Appellant failed to analyze why the Bankruptcy Court's denial of the motions for reconsideration constituted an abuse of discretion. In any event, the standard for reconsideration is "strict"; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); and the Court cannot conclude that a denial of these motions was improper.